■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ADOLPH SMALL, Appellant.— Judgment of the Supreme Court, Queens County, rendered February 20, 1973, affirmed. The refusal to admit into evidence the arresting officer's UF-61 form was error, but it should be disregarded (CPL 470.05, subd. 1). Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VERNON WEST, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered July 27, 1971, convicting him of criminal possession of a dangerous drug in the fourth degree and criminally selling a dangerous drug in the third degree, upon a jury verdict, and imposing sentence. On the court's own motion and on consent of both parties, a prior motion by appellant for summary reversal of the judgment is deemed renewed and the motion is granted, on the law; and, upon the request of the People and in the interests of justice, the indictment is dismissed. The absence of the transcript of the summations of counsel mandates reversal (*People* v. *Adams*, 22 A D 2d 892). The People state that a new trial is impossible since the People's witnesses are presently incarcerated following their convictions for various crimes. Defendant has already served two and a half years of the imposed reformatory sentence. The interests of justice mandate dismissal of the indictment. Gulotta, P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.

■ ELAINE F. SCHLOSSMAN, Respondent, v. DAN J. SCHLOSSMAN, Appellant.— In a matrimonial action, the defendant husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County, entered September 6, 1973, as granted plaintiff alimony *pendente lite*. Order modified by reducing the temporary alimony award to $200 a week. As so modified, order affirmed insofar as appealed from, without costs. We have repeatedly stated that the remedy for any seeming inequity in a direction for the payment of temporary alimony based upon conflicting affidavits is a speedy trial, where the facts relating to finances and the parties' standard of living may be adequately developed and determined (*Dubowsky* v. *Dubowsky*, 41 A D 2d 769). In any event, upon the present record, the temporary alimony award, $250 a week, was excessive to the extent indicated herein. Hopkins, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.